# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JUSTIN HOWERTON, a Minor and ) <br> LORI HOWERTON, as Next Friend ) <br> ) <br>                         Plaintiffs, ) <br> v. ) <br> ) <br> BLITZ USA, INC. ) <br> an Oklahoma Corporation, ) <br> ) <br> and ) <br> ) <br> WAL-MART STORES EAST, L.P. ) <br> a Delaware Limited Partnership, ) <br> ) <br>                         Defendants. ) | Case No. 05-1075-CV-W-FJG |

## **ORDER**

      Currently pending before the Court is Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. # 12). Plaintiffs filed their Petition for Damages in the Circuit Court of Jackson County, Missouri on August 26, 2005. Defendants removed the action to Federal Court on November 1, 2005. On April 4, 2006, the Court granted defendants' Motion for Leave to File an Amended Answer to Plaintiff's First Amended Petition and also granted defendant leave to file a counterclaim. Plaintiffs have now moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), defendants' counterclaim for failure to state a claim on which relief can be granted.

### I. BACKGROUND

      This is a products liability action against Blitz, USA, Inc, and Wal-Mart Stores East, LP, arising out of the explosion of a gasoline storage container manufactured by

Blitz and marketed and sold by Wal-Mart.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). "The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

## III. DISCUSSION

Plaintiffs state that the counterclaim for Lori Howerton's negligence must allege 1) the existence of a legal duty owed to the claimant; 2) breach of that duty through a negligent act; 3) proximate causation between the breach and resulting injury and 4) resulting damages. Plaintiffs argue that the counterclaim fails to plead that Lori Howerton breached any duty owed to the defendants or that the defendants suffered any damage thereby.

Defendants state that given that Lori Howerton appears to be a party plaintiff, the proper way of introducing evidence against her individually is by way of comparing her fault, through a counterclaim.  Defendants state that they have pled comparative fault on the part of plaintiffs, including Lori Howerton, individually, in their Amended Answer. The purpose of the Counterclaim defendants state is to compare the fault of Ms. Howerton.

The Court agrees and finds that defendants' Counterclaim states a cause of action.  Plaintiffs have mistakenly assumed that the Counterclaim is a negligence action because defendants used the terms "negligent supervision" and "negligent entrustment."  However, the counterclaim is in effect a contribution claim against Ms. Howerton, alleging that if either one of the defendants are found liable to Justin Howerton, then any damages were also caused by the negligence, fault or liability of Lori Howerton.  Defendants allege that if they are found liable, then they are entitled to a judgment for contribution against Ms. Howerton in proportion to her relative fault.  The Court finds that these assertions adequately state a claim for contribution under Missouri law.

## IV. CONCLUSION

The Court finds that defendants have stated a claim for contribution.  Therefore, the Court hereby **DENIES** plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. # 12).


Date:  September 15, 2006                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         United States District Judge