# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JUSTIN HOWERTON, a Minor and <br> LORI HOWERTON, as Next Friend <br><br> Plaintiffs, <br><br> v. <br><br> BLITZ USA, INC. <br> an Oklahoma Corporation, <br><br> and <br><br> WAL-MART STORES EAST, L.P. <br> a Delaware Limited Partnership, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-1075-CV-W-FJG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Currently pending before the Court is defendant Blitz's Motion for a Protective Order (Doc. # 99); Defendants' Motion to Strike Plaintiffs' Designation of Expert Witnesses (Doc. # 106); Plaintiffs' Motion for an Extension of Time to Complete Discovery (Doc. # 125); Defendants' Motion to Take the Depositions of two of Plaintiffs' Experts (Docs. # 127, 133); Plaintiffs' Motion to Take the Deposition of Defendants' Expert, Richard Roby (Doc. # 134); Plaintiffs' Motions and Amended Motions to Compel Defendants To Respond To Interrogatories, Requests for Admission and Requests for Production of Documents (Docs. # 135, 136, 137 and 138).

**1. Defendant Blitz's Motion for a Protective Order**

Defendant Blitz moves the Court for a protective order precluding plaintiffs' counsel from participating in committee meetings of ASTM International ("American

Society for Testing and Materials"), pending resolution of this litigation. Additionally, defendants request an order from the Court precluding Lori Hasselbring from disclosing any communications, information and/or documents secured by her through her membership in any ASTM committees or task force groups in which Blitz USA is a member.

Blitz states that as a manufacturer of gas storage containers, it is a member of the ASTM International, one of the largest voluntary standards development organizations. ASTM's purpose is to develop and provide standards that promote public health, safety and the overall quality of life. ASTM International forms technical committees to discuss safety and design issues related to various products such as gas storage containers. Blitz states that in 2006, while this case was pending, Lori Hasselbring (plaintiff's causation expert) approached ASTM about the creation of a task force focusing on improving the safety of consumer gas storage containers. She is now the chairperson of this taskforce subcommittee and Blitz is also a member of this subcommittee. On May 21, 2007 Ms. Hasselbring requested that members of the subcommittee bring any information or testing that they had done regarding flame arrestor research. A meeting was held at Ms. Hasselbring's employer and Grant Grimes, an attorney associated with counsel for plaintiffs attended the meeting by phone. Blitz objected to Mr. Grimes participation in the meeting. After the meeting, counsel for plaintiffs served their Fifth Request for Production of Documents and requested documents and information relating to Blitz's participation in the ASTM. Blitz states that they are entitled to a protective order based on Ms. Hasselbring's ex parte communications with Blitz in violation of Rule 4-4.2 of the Missouri Rules of Professional Conduct. Blitz is asking for a protective order barring Ms. Hasselbring

2

from discussing the ASTM subcommittee meeting with counsel for plaintiffs, barring her from providing any documents to counsel for plaintiff that were received through her association with ASTM and barring her from relying on any information or documents secured through her association with the ASTM subcommittee.

Blitz also argues that plaintiffs' counsel's participation in the ASTM subcommittee violates Rule 4-4.2. They are also requesting an order preventing plaintiffs' counsel from attending any more subcommittee meetings, precluding admission of evidence relating to discussions and information exchanged during the meetings, particularly information received by plaintiffs' expert, Ms. Hasselbring.

Plaintiffs respond that all meetings of the ASTM are "open meetings." The May 31, 2007 meeting of the taskforce subcommittee was also an open meeting. When Mr. Grimes phoned into the meeting, he identified himself as an attorney with the Anderson Law Firm and announced that he would be listening by telephone. He states that he made no effort to conceal his identity or his participation in the meeting. Plaintiffs state that any member of the general public may attend an open public meeting. Thus, plaintiffs argue that Mr. Grimes did not violate Missouri Rule of Professional Conduct 4-4.2. While they deny that Mr. Grimes did anything improper, plaintiffs will agree that from this point forward, Mr. Grimes will not attend either in person or by phone, any ASTM meetings.

With regard to Ms. Hasselbring, plaintiffs argue that she is not acting as their agent and thus Missouri Rule of Professional Conduct 4-4.2 does not apply to her. Rather, plaintiffs assert, Ms. Hasselbring is an independent contractor. As such, a non-lawyer, independent contractor cannot violate Rule 4-4.2. Additionally, plaintiffs argue that it is not improper for Ms. Hasselbring to participate in the subcommittee simply because

representatives of Blitz are also participating. Plaintiffs state that all of the subcommittee meetings are open meetings and the information discussed is not privileged. Plaintiffs also point out that another member of the committee, Douglas Carpenter, is acting as an expert witness for the defense. Additionally, plaintiffs note that a Confidentiality Agreement and Order was entered by the Court on March 20, 2006. Ms. Hasselbring as the plaintiffs' expert is also bound by the terms and stipulations contained in the Confidentiality Agreement and Order.

Missouri Rule of Professional Conduct 4-4.2 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In United States v. Gonzalez-Lopez, 403 F.3d 558 (8th Cir. 2005), the Court made the following observations regarding Rule 4-4.2:

> Rule 4-4.2 consists of one sentence, which begins with the clause, "In representing a client." It is evident from the inclusion of the words "In representing a client" that the remainder of the text of Rule 4-4.2, which prohibits unauthorized communication with represented parties in a matter, is limited *to attorneys* who are involved in the matter and does not apply to an attorney not so involved.

Id. at p. 565 (emphasis added). The Court agrees with plaintiffs and finds that as an independent contractor, Ms. Hasselbring is not covered by the Missouri Rules of Professional Conduct. Additionally, the Court does not find that Grant Grimes violated the Rule, as he announced his appearance and did not actually speak or question any Blitz employees. Accordingly, the Court hereby **DENIES** defendants' Motion for a Protective Order (Doc. # 99).

**2. Defendants' Motion to Strike Plaintiffs' Designation of Expert Witnesses**

Defendants move to strike plaintiffs' designation of expert witnesses because due to

an administrative error, the reports were not delivered to defense counsel until July 3, 2007. Defendants argue that this has prejudiced them because they now only have twenty-eight days to review the reports and designate their own experts.

Plaintiffs state in response that on July 2, 2007, they filed a designation of their expert witnesses, but did not include the reports for each of their experts. However, plaintiffs state that as requested by defendants, they did send the reports to the defendants via email on July 2, 2007 as well as by certified mail. Additionally, plaintiffs state that defendants' motion was filed without conferring with plaintiffs and without requesting a teleconference. Plaintiffs also point out that the defendants have suffered no harm or prejudice from the slight delay in receiving the reports.

The Court agrees with plaintiffs and finds that defendants suffered no real prejudice by the slight delay. Accordingly, the Court hereby **DENIES** defendants' Motion to Strike Plaintiffs' Designation of Expert Witnesses (Doc. # 106).

## 3. Motions to Take Expert Depositions

Defendants have filed motions seeking to depose two of plaintiffs' expert witnesses: 1) Lori Hasselbring and 2) John H. Wisner, M.D. With regard to Dr. Hasselbring, defendants seek to depose her regarding her specific qualifications relating to Fire and Combustion Science, the specific methodology used in her testing and the application of the specific facts in the record to the principles of science involved in this matter.

Defendants also seek to depose Dr. John Wisner, who is plaintiffs' psychiatric expert. Both plaintiffs have claims for future medical damages, loss of employment opportunities or loss of future wages and future medical treatment. Defendants state that it is unclear from Dr. Wisner's report what past history he had regarding Ms. Howerton and they would like to depose Dr. Wisner to explore the basis for his

diagnosis, his analysis of certain and other facts relating to Ms. Howerton's previous problems and how each of her various life problems has contributed to her current condition. With regard to Justin Howerton, defendants want to explore the basis for Dr. Wisner's statements regarding the future psychiatric and mental health needs of Justin, beyond the age of 18 and to challenge his assertions of permanent disability for Justin Howerton.

Plaintiffs have also filed a motion to depose defendants' fire expert, Richard R. Roby. Plaintiffs state that Mr. Roby submitted an eighty-nine page report which contains many confused statements and non-specific conclusions. They cite several examples of statements for which they claim Mr. Roby failed to provide any authority. Additionally, plaintiffs note that Mr. Roby has a BLEVE theory (Boiling Liquid Expanded Vapor Explosion). However, they state that if he conducted fire tests to support this theory, his report does not indicate so. If Mr. Roby has conducted such testing, plaintiffs state that it is critical that they have access to this information so they can use it in cross-examination. Plaintiffs state that it appears that some tests were conducted in 2006, however it appears that these tests were conducted on a different model of gasoline can than the one that is at issue in this case. Thus, plaintiffs state that it is critical that they depose Mr. Roby to determine the basis, authority and documentation utilized by Mr. Roby to reach his conclusions.

The Court has examined the expert witness reports of Dr. Hasselbring, Dr. Wisner and Richard Roby. After examining these reports, the Court does not believe that depositions of these witnesses are necessary. Each of these witnesses have provided extensive reports which discuss and explain their theories. Therefore, Defendants' Motions to Take the Depositions of plaintiffs' experts Lori Hasselbring and

Dr. John H. Wisner are hereby **DENIED** (Docs. # 127, 133) and plaintiffs' Motion to Take the Deposition of Defendants' Expert Richard J. Roby is also **DENIED** (Doc. # 134).

### 4. Plaintiffs' Request to Take an Additional Deposition of a Wal-Mart Representative

Plaintiffs sent a letter to the Court requesting a teleconference because Wal-Mart failed to produce a corporate representative who was prepared to testify about any of the eleven topics contained in the 30(b)(6) notice. The deposition of the corporate representative took place on **June 5, 2007.** After the deposition, plaintiffs' counsel attempted to obtain the information by serving written discovery on Wal-Mart. Plaintiffs assert that Wal-Mart responded to the written discovery last week and again failed to provide any substantive information.

Defendants respond that discovery closed on July 30 and thus plaintiffs' request to take the additional deposition comes too late, especially considering that the deposition of the corporate representative was originally taken on June 5. Defendants state that plaintiffs have provided no reason for waiting so long to bring this issue before the Court. Wal-Mart states that the witness was fully prepared to answer the questions and if plaintiffs felt additional witnesses were necessary, such depositions could have been timely requested before the close of discovery.

The Court agrees with defendants. Discovery in this case has now closed. If plaintiffs felt there were problems, the time to raise those issues was either during the deposition or immediately following. Accordingly, plaintiffs' request to take an additional deposition of a Wal-Mart representative is hereby **DENIED**.

7

Case 4:05-cv-01075-FJG   Document 159   Filed 08/13/07   Page 7 of 11

**5. Plaintiffs' Motion to Extend Discovery for an Additional 30 Days**

Plaintiffs filed a motion on July 30, 2007, and requested that discovery be extended for an additional thirty days. The reasons plaintiffs request an extension include: 1) Defendants failed to provide persons with knowledge regarding the topics set forth in the plaintiffs' 30(b)(6) notices; 2) New information significant to plaintiffs' claims was obtained last week from a third-party, Flagler Productions. Plaintiffs state that they need to pursue additional 30(b)(6) discovery from Wal-Mart regarding this new information; 3) Plaintiffs, after conferring with defendants regarding their failure to respond to discovery requests may need to file Motions to Compel.

Defendants respond that the 30(b)(6) witness for Blitz was produced on May 23 and the 30(b)(6) witness for Wal-Mart was produced on June 5. Defendants state that no complaints regarding deficiencies with these depositions were raised at the time of the depositions or at anytime until now. With regard to the information from Flagler Productions, defendants state that such information was improperly obtained at the last minute. Defendants argue that discovery should not be extended to allow plaintiffs to conduct additional discovery. Finally, defendants state that the additional discovery requests which plaintiffs claim they have failed to respond to were voluminous, burdensome, repetitive and harassing. Defendants state that if plaintiffs failed to allow sufficient time to address deficient responses, then they must suffer the consequences.

The Court hereby **DENIES** plaintiffs' Motion to Extend Discovery. This case was removed to this Court on November 1, 2005. The deadline for the completion of discovery was originally March 1, 2007. On March 26, 2007, the Court extended the discovery deadline an additional four months to July 30, 2007. Additionally, both sides sought extensions of time to file their expert witness designations. The parties poor use

of their time threatens the trial date.  At some point, discovery must close and the case must progress.  Accordingly, the Court hereby **DENIES** plaintiffs' Motion to Extend the Discovery Deadline (Doc. # 125).  The Court notes that plaintiffs apparently are still engaging in discovery, without awaiting a ruling by this Court on their Motion.  On August 9, 2007, plaintiffs' counsel filed a Certificate of Service with the Court indicating that Plaintiffs' Notice of Deposition of Kraig Reash and Subpoena Duces Tecum were served via Federal Express on the same day.  Plaintiffs should not be engaging in any further discovery in this case.

### 7. Plaintiffs' Motions to Compel Blitz and Wal-Mart to Respond to Interrogatories, Requests for Production and Requests for Admissions

On August 3 and August 6, 2007, plaintiffs filed motions to compel both Blitz and Wal-Mart to respond to several discovery requests.  However, it should be noted that these motions to compel were filed 1) after the close of discovery and 2) without first contacting the Court to request a teleconference.  Local Rule 37.1 states that the Court will not entertain any discovery motion until counsel for the moving party has conferred by telephone or in person with opposing counsel and certified this compliance.  Additionally, the rule provides that if issues remain unresolved, the parties should contact the Court for an immediate telephone conference[1].  No written discovery motion shall be filed until this telephone conference has been held.  Additionally, the Scheduling Order clearly states in ¶ 1(c): "Any discovery motion must be filed *before* the close of discovery, and in sufficient time for the Court to rule the motion.  The Court

---

[1] Plaintiffs should have been well aware of Local Rule 37.1 because on July 16, 2007, the Court denied defendant Blitz's Motion to Quash for failure to comply with this very same Rule.  Additionally, plaintiffs were also aware of the need to contact the Court regarding discovery issues, as they had previously faxed a letter to the Court on August 1, 2007 regarding another discovery issue.

will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied." Accordingly, as plaintiffs motions were filed after the close of discovery and without first contacting the Court, the Court hereby **DENIES** plaintiffs' Motion and Amended Motion to Compel Defendant Blitz to Respond to Interrogatories, Requests for Production of Documents and Requests for Admission (Doc. # 135, 37) and **DENIES** plaintiffs' Motion and Amended Motion to Compel Defendant Wal-Mart to Respond to Interrogatories, Requests for Production of Documents and Requests for Admission (Doc. # 136,138).

### 8. Defendant Wal-Mart's Request for Copies of Flagler DVD's

On August 8, 2007, counsel for defendant Wal-Mart sent a letter to the Court requesting a telephone conference to address a discovery issue. Wal-Mart states that on July 27, 2007, Flagler Productions produced to plaintiffs four DVD's containing video clips. Wal-Mart has conferred with counsel for plaintiffs who state that the DVD's cannot be released without a court order or permission from Flagler. Counsel for Flagler has offered to make copies of the DVD's available to Wal-Mart for the price of $21,000. Apparently, plaintiffs paid a similar cost for these DVD's. Wal-Mart does not believe that they should have to pay $21,000 to obtain copies of these DVD's.

Plaintiffs responded on August 9, 2007 and stated that the higher cost was due to the fact that Flagler no longer has trained librarians who can search through the footage, produce video clips, digitize the footage and transfer it into the appropriate format. Thus, in order to produce the four DVD's which plaintiffs sought required a process which was more complicated, timely and expensive. Additionally, Flagler also had to utilize its proprietary software to perform portions of this function. Plaintiffs' counsel states that it is their understanding that Wal-Mart and Flagler have been

10
Case 4:05-cv-01075-FJG   Document 159   Filed 08/13/07   Page 10 of 11

negotiating the purchase price for copies of the DVDs.  Plaintiffs state that Flagler should be paid a fair price for its work and should not receive a windfall simply because plaintiffs subpoenaed the video footage.

The Court finds no reason to intervene in this dispute between Flagler and Wal-Mart.  Apparently, they are attempting to work out a compromise on price.  Regardless, this is not a matter for the court to resolve.


Date:  8/13/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge