# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JUSTIN HOWERTON, a Minor and<br>LORI HOWERTON, as Next Friend<br><br>                Plaintiffs,<br>v.<br><br>BLITZ USA, INC.<br>an Oklahoma Corporation,<br><br>and<br><br>WAL-MART STORES EAST, L.P.<br>a Delaware Limited Partnership,<br><br>                Defendants. | Case No. 05-1075-CV-W-FJG |

## **ORDER**

Currently pending before the Court is plaintiff Lori Howerton's Motion for Summary Judgment on defendants' Negligent Entrustment Counterclaims (Doc. # 190); Defendant Wal-Mart's Motion for Summary Judgment (Doc. # 195) and Defendant Blitz's Motion for Partial Summary Judgment (Doc. # 196).

### **I. BACKGROUND**

On March 17, 2002, twelve year old Justin Howerton attempted to burn a large pile of brush by pouring gasoline on the brush from a five gallon gasoline container. The container was manufactured and sold by Blitz USA, Inc. Justin poured gasoline on the brush pile one time before lighting it. The area where the fire was initially lit burned for a few seconds and then died down. Justin then picked up the container to pour more gasoline on the fire. It is not known how much gasoline was in the container initially or how much Justin poured on the fire, either the first or second time. The

temperature the night before had been 27°F and the container was stored in an outside barn. The temperature on the day of the accident was 44°F. The flame from the brush pile lept back to the container and started the end of the spout on fire. When Justin attempted to blow out the fire, the container exploded and he suffered severe injuries.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

### A. Plaintiff Lori Howerton's Motion for Summary Judgment on Negligent Entrustment Counterclaims.

Plaintiff Lori Howerton states that both defendants have asserted counterclaims against her for negligent entrustment in failing to prevent Justin from using a gasoline can, handling a source of ignition, attempting to light a brush pile on fire, pouring gas on the brush, handling the container in the vicinity of an open flame and handling a flammable liquid. Lori Howerton states that neither defendant has produced sufficient facts to allow the jury to find the existence of "entrustment" one of the elements of their claim. She states that there is no evidence that she entrusted Justin with the container.

Defendants state that they have asserted a counterclaim against Lori Howerton, but that the sole purpose of the counterclaim is to reserve the right to compare her fault. Defendants state that plaintiffs ignore the language of the Court Order's denying the motion to dismiss defendants' counterclaim:

> The Court agrees and finds that defendants' Counterclaim states a cause of action. Plaintiffs have mistakenly assumed that the Counterclaim is a negligence action because defendants used the terms "negligent supervision" and "negligent entrustment." However, the counterclaim is in effect a contribution claim against Ms. Howerton, alleging that if either one of the defendants are found liable to Justin Howerton, then any damages were also caused by the negligence, fault or liability of Lori Howerton. Defendants allege that if they are found liable, then they are entitled to a judgment for contribution against Ms. Howerton in proportion to her relative fault. The Court finds that these assertions adequately state a claim for contribution under Missouri law.

Defendants state that because there are genuine issues of fact relating to her negligence in allowing her minor son access to both a source of ignition and a container filled with gasoline, Lori Howerton's motion for summary judgment should be denied. The Court agrees and finds that there are disputed issues of fact which prevent the Court from granting summary judgment. Accordingly, plaintiff Lori Howerton's Motion

for Summary Judgment on the Negligent Entrustment Counterclaims is hereby **DENIED** (Doc. # 190).

### B. Wal-Mart's Motion for Summary Judgment

Wal-Mart moves for Summary Judgment on Count I (Design Defect) because there is no evidence that it designed the gasoline can. Wal-Mart moves for Summary Judgment on Count II (Failure to Warn) because plaintiffs have no warnings expert and there is no evidence that had a different warning been on the can, anything different would have occurred. Wal-Mart also moves for summary judgment on Lori Howerton's Negligent Infliction of Emotional Distress claims because there is no evidence of a design defect or improper warnings, so her claims fail as well.

Plaintiffs argue in opposition that Missouri's product liability statute, Mo.Rev.Stat. § 537.760, which governs Counts I and II only requires that Wal-Mart, wherever situated in the chain of commerce, transfer a product in the course of its business and the statute does not require that Wal-Mart also participate in designing the product. Plaintiff states that in order to prove strict liability in Missouri, it must be shown: 1) defendant sold a product in the course of its business; 2) the product was in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; 3) the product was used in a manner reasonably anticipated and 4) plaintiff was damaged as a direct result of a defective condition as existed when the product was sold. The elements of a strict liability failure to warn claim are: 1) defendant sold the product in the course of his or her business; 2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated without knowledge of its characteristics; 3) defendant did not give adequate warning of danger; 4) the product was used in a manner reasonably anticipated and 5) plaintiff was damaged as a direct result of the product

4

being sold without adequate warning.

Plaintiffs state that although Justin knew that fire and gasoline do not mix, this general knowledge of a twelve year old does not show that he had actual knowledge of the specific danger involved in his use of the gasoline can, i.e. lack of a flame arrester, the flammability of the gasoline vapors and that gasoline <u>vapors</u> could ignite when he was doing what he was doing, travel up the can and cause it to explode. Plaintiffs argue that Justin did not understand that it was invisible vapors that ignite and not the gasoline itself. Because he did not understand that it was the vapors that burn, he could not understand the risk of a flash back explosion. Plaintiffs also argue that expert testimony on the failure to warn claim is not necessary because the warning issue is within a layperson's knowledge. Plaintiff's theory in this case is that Blitz used a red on red raised letting on the gasoline can and that it was difficult to read and was not designed to catch the attention of a user. Plaintiffs state that whether the warning was readable and was sufficient to catch someone's attention is not the type of complex warning that would require expert testimony.

In <u>Menz v. New Holland</u>, 507 F.3d 1107, 2007 WL 3355409, *3 (8th Cir. 2007), the Eighth Circuit stated:

> [t]he necessity of expert testimony in a failure to warn case turns on the complexity of the subject matter. See <u>Bryant v. Laiko Int'l Co.</u>, No. 1:05CV00161, 2006 WL 2788520, *10 (E.D.Mo. Sept. 26, 2006)(recognizing 'Missouri courts have always allowed, and often required expert testimony' on the question of failure to warn).

In <u>Menz</u>, the plaintiff argued that the defendants failed to warn him of a tractor's inherent instability and propensity to turn over on relatively level ground and of the additional danger of using a loader with the tractor. The plaintiff argued that resolution of these issues did not require analysis of any complex machinery. The Eighth Circuit

disagreed stating that the products at issue were fairly technical and complex and "not the type of machinery commonly utilized by the typical lay juror." Id. at *3. In the instant case, a gasoline can is a product which is commonly used by the typical lay juror. Therefore, the Court does not find that a warnings expert is necessary. In Gray v. Cottrell, Inc., No. 4:05-CV-1852 (CEJ), 2007 WL 2735685, *3 (E.D.Mo. Sept. 18, 2007), the Court noted, "[t]he Missouri Supreme Court has declined to adopt a rule requiring expert testimony in order to make a submissible claim in failure to warn cases."

The Court agrees with plaintiffs that simply because Wal-Mart was not the designer of the product does not relieve it of responsibility. The statute requires only that Wal-Mart sold the product in the course of its business. The Court also rejects Wal-Mart's argument that the failure to warn claim must fail because plaintiffs have no expert witness on the warnings claim. As noted above, there is no rule that plaintiffs must have a warnings expert in every case. Accordingly, the Court hereby **DENIES** Wal-Mart's Motion for Summary Judgment (Doc. # 195).

### III. Blitz's Motion for Partial Summary Judgment

Blitz also moves for summary judgment on the failure to warn claim because plaintiffs do not have a warnings expert. However, as discussed previously, plaintiffs can proceed on this claim even without an expert witness.

Blitz also moves for summary judgment on the claim of failure to incorporate a child resistant cap by failing to obtain expert testimony that a child resistant cap was necessary, which would have prevented a twelve year old from using a gasoline container and would have prevented the incident from occurring. Plaintiffs in response state that they have abandoned their strict liability design defect claim based on the lack of a child-resistant closure. But, they state that since they have not pursued discovery

on this issue or identified any evidence, that amendment of the pleadings is appropriate as opposed to granting summary judgment. Blitz also argues that plaintiffs have failed to create a genuine issue on the claim of failure to use combustion preventative material in the design of the gasoline container by failing to obtain expert testimony. Plaintiffs however argue that combustion preventative material is just a fancy name for a flame arrester and that they are the same thing. Finally, Blitz argues that summary judgment should be granted on plaintiff's claim for punitive damages because Missouri law requires a showing that Blitz had actual knowledge of the defective condition before punitive damages may be awarded. Blitz argues that there is a complete lack of any facts suggesting that it showed a complete indifference or conscious or reckless disregard necessary to sustain a claim for punitive damages. Plaintiffs argue that there is evidence from which a jury could find that Blitz had knowledge of the dangerous condition of its product. Plaintiffs argue that they intend to introduce into evidence three other incidents that are substantially similar to the case at bar to demonstrate this knowledge.

As plaintiffs state that they have abandoned their claim that the gasoline can was defective because it did not have a child resistant cap, the Court hereby **GRANTS** summary judgment to the defendants on this claim. However, the Court will **DENY** defendant Blitz's Motion for Summary Judgment on the claim that they failed to use combustion preventative material in the design of the gasoline container, as plaintiffs state that this is simply another name for a flame arrester. Additionally, the Court also **DENIES** the motion for summary judgment on plaintiffs' claim for punitive damages as there are disputed facts regarding this claim. Accordingly, Blitz's Motion for Summary Judgment is hereby **GRANTED in PART** and **DENIED in PART** (Doc. # 196).

7
Case 4:05-cv-01075-FJG   Document 341   Filed 12/28/07   Page 7 of 8

## IV. CONCLUSION

Accordingly, for the reasons stated, the Court hereby **DENIES** plaintiff Lori Howerton's Motion for Summary Judgment on defendants' Negligent Entrustment Counterclaims (Doc. # 190); **DENIES** Defendant Wal-Mart's Motion for Summary Judgment (Doc. # 195) and **GRANTS in part** and **DENIES IN PART** Defendant Blitz's Motion for Partial Summary Judgment (Doc. # 196).


Date: 12/28/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge