**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JUSTIN HOWERTON, a Minor and ) <br> LORI HOWERTON, as Next Friend ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) Case No. 05-1075-CV-W-FJG <br> BLITZ USA, INC. ) <br> an Oklahoma Corporation, ) <br> ) <br> and ) <br> ) <br> WAL-MART STORES EAST, L.P. ) <br> a Delaware Limited Partnership, ) <br> ) <br> Defendants. ) | |

## ORDER

Currently pending before the Court is plaintiffs' Motion for Clarification of Paragraphs I.16 and I.20 of the Court's January 4, 2008 Order (Doc. # 345) and plaintiffs' Motion for Order Denying Defendants' Motions in Limine to Exclude Evidence of Other Claims, Incidents and Litigation (Doc. # 359)

### I. BACKGROUND

In the January 4, 2008 Order ruling on the parties' Motions in Limine, the Court granted Blitz's Motion in Limine to preclude plaintiffs from offering evidence regarding other claims, incidents or litigation involving Blitz portable gas containers or other Blitz products. Wal-Mart filed an identical motion which the court provisionally denied. Plaintiffs request clarification because they state that the rulings seem to be inconsistent.

In order to clarify the issue, the Court requested that plaintiffs specifically identify the other claims, incidents, events or litigation involving Blitz portable gas containers which they are seeking to have admitted. Plaintiffs filed their motion and have indicated that there are seventeen different incidents which they would like to admit into evidence. Plaintiffs state that in each of the incidents, the fire flashed inside the gasoline container and caused the container to explode and caused injuries. Four of the incidents happened before 2002 and the remainder of the incidents happened after that date.

Blitz argues in opposition that plaintiff Lori Howerton, purchased the gasoline container in June 2000, and thus anything that occurred after June 2000, would not have put Blitz on notice of any alleged product defect. Thus, evidence of any incidents or claims after that date are irrelevant and unduly prejudicial to Blitz. Additionally, Blitz argues that plaintiffs have not shown with regard to the other incidents, how much gasoline was in the cans, what type of gas it was or whether the gasoline had been weathered. Blitz argues that with regard to the gas cans manufactured after the incident in question, those incidents are irrelevant, because Blitz would not have had knowledge at the time that they manufactured the product. With regard to the gas cans manufactured before the date of the accident, Blitz argues that plaintiff has failed to show that the incidents are sufficiently similar. Wal-Mart also argues that if the other incidents were admitted, then in fairness, Wal-Mart should be allowed to introduce evidence explaining why there are other lawsuits and why any individual suit is without merit. Wal-Mart argues that this would result in seventeen mini-trials within a trial.

Plaintiffs argue in reply, that differences in the size of the gasoline containers and/or the materials of the gasoline cans, do not make a difference and that gas cans can all explode if the vapors are ignited, regardless of the size or material. Plaintiffs

2

argue that "substantially similar" does not mean that the gasoline cans have to be identical. Additionally, plaintiffs argue that the source of the fire is also immaterial to the issue of the similarity of the incidents, because any fire will ignite flammable vapors. Plaintiffs state that Blitz's argument that there were differences in the "type of gasoline" the amount of gasoline, and how long the gasoline had been stored, all go to prove the plaintiffs' point that in all these different situations, gasoline vapors inside containers have ignited and exploded, which they argue is relevant to whether or not their gas container, sold without a flame arrestor, was an unreasonably dangerous product. Plaintiffs also argue that incidents occurring *before* the date of the accident are relevant to show notice, while incidents occurring *after* the date of the accident, are relevant to show the ability to correct known defects, magnitude of danger, lack of safety for intended uses or causation. Plaintiffs also argue that the defendants' experts may testify that their gasoline container was safe. They argue that these other incidents may be used to impeach the defendants' expert testimony. With regard to defendants' claim that allowing this evidence would result in seventeen mini-trials, plaintiffs argue that the admissibility of these other incidents should be determined in a hearing outside the presence of the jury.

## II. STANDARD

In Olson v. Ford Motor Co., 410 F.Supp.2d 855 (D.N.D. 2006), the Court stated:

> It is well-established that '[e]vidence of similar incidents may be relevant to prove the defendant's notice of defects, the defendant's ability to correct known defects, the magnitude of the danger, the product's lack of safety for intended uses, or causation.' Lovett v. Union Pacific Railroad Co., 201 F.3d 1074, 1081 (8th Cir. 2000). . . . 'However, admitting similar-incident evidence . . . threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative.' . . . In order for similar-incident evidence to be admissible it must be 'substantially similar' to the case at bar. . . .An incident may be considered 'substantially

similar' if the other incident is sufficiently similar in time, place, or circumstance. First Security Bank v. Union Pacific Railroad Co., 152 F.3d 877, 879 (8th Cir. 1998). 'Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the district judge, who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues, against the factors favoring admissibility.' Hicks v. Six Flags Over Mid-America, 821 F.2d 1311, 1316 (8th Cir. 1987); Crowston v. Goodyear Tire & Rubber Co., 521 N.W.2d 401, 411 (N.D.1994).

Id. at 862 (internal citations omitted).

The proponent bears the burden to show that the "facts and circumstances of the other incident are substantially similar to the case at bar." Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir.1993).

### III. DISCUSSION

As noted above, other incidents are admissible if: 1) the previous incidents were substantially similar to the case at bar and 2) if offered to show the defendant's ability to correct known defects, the magnitude of the danger, the product's lack of safety for its intended use, notice of a defect, standard of care or causation.

In the instant case, the four incidents which occurred before March 17, 2002, all involved situations where gasoline was either poured onto something or spilled, the gasoline vapors ignited and flashed into the gasoline can. Defendants argue that the other incidents are not substantially similar, because the gasoline containers were of a different size or type or there were differences in the amount or type of gasoline in the various cans. The Court finds that these differences are not enough to exclude these incidents. The caselaw states that the incidents must be "substantially similar," but does not require that the incidents be identical. In the instant case, plaintiff poured gasoline onto a brush pile using a Blitz five gallon gasoline container. Plaintiff then set the container down near the brush pile, then picked it up again. The nozzle caught fire

4

Case 4:05-cv-01075-FJG   Document 368   Filed 09/04/08   Page 4 of 5

and the container exploded. The Court finds that the other incidents are substantially similar to the case at bar. Additionally, plaintiffs are seeking to admit these incidents in order to show the defendants' notice of the defect, the product's lack of safety and the magnitude of the danger. Accordingly, the Court finds that the other incidents which occurred before March 17, 2002, the date of the incident in question, are admissible and are not outweighed by the dangers of prejudice, confusion or undue expenditure of time.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** plaintiffs' Motion to Clarify Paragraphs 1.1.6 and 1.20A of the Court's January 4, 2008 Order (Doc. # 345). The Court also **GRANTS IN PART** plaintiffs' Motion for Order Denying Defendants' Motions in Limine to Exclude Evidence of Other Claims, Incidents and Litigation (Doc. # 359).


Date: 9/4/08　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge